IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHERI J. KINTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:09-cv-1033-MEF |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | (WO) |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff Cheri Kintz's Opposition to Defendant United Parcel Service's Motion for Summary Judgment. (Doc. # 35). Included in Plaintiff's Evidentiary Submission accompanying her response in Opposition to Defendant's motion was a request to file Exhibit 35 under seal. The Court construes this request as a Motion to File an Exhibit Under Seal.

### **FACTUAL AND PROCEDURAL HISTORY**

On September 2, 2010, the parties filed a Joint Motion for Protective Order. (Doc. # 23). On September 14, 2010, that motion was granted by the Honorable Susan Russ Walker. (Doc. # 25). The Protective Order permits the parties to mark documents or other information as "Confidential," and restricts the disclosure of any documents or information marked as "Confidential."

## LEGAL STANDARDS

A federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(c); *see also In re Estate of Martin Luther King, Jr., Inc., v. CBS, Inc.*,184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002).  In relevant part, Rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for *good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . . .
> (G) requiring that a trade secret of other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Fed. R. Civ. P. 26(c) (emphasis added).  While parties often stipulate to a protective order designating particular documents as confidential, as they have done in this case, such a stipulation only "postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged."  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987)).

Even when no third party challenges a motion to seal, however, the Court must still ensure that the motion is supported by good cause.  *See Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1363.  "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).  He may not rubber stamp a stipulation to seal the record."

*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (internal citation omitted).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a limited First Amendment right of access to civil trial proceedings. *See Chicago Tribune*, 263 F.3d at 1310. In addition, the public has a common-law right to inspect and copy judicial records. While discovery materials are not generally subject to the common-law right of access, discovery materials filed as part of a dispositive motion are "judicial records" subject to the common-law right of access. *See, e.g., Chicago Tribune*, 263 F.3d at 1312; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365.

Analysis of whether materials submitted in conjunction with the motions and responses in this case are subject to either the common-law right of access or the First Amendment right of access requires the Court to assess whether the proponent of sealing the documents has satisfied the "good cause" showing required by Federal Rule of Civil Procedure 26(c). *See, e.g., Chicago Tribune*, 263 F.3d at 1310-15; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365-67. This analysis requires the Court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality. *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1366. The parties have as yet failed to present the Court with sufficient grounds for sealing the documents

pursuant to Federal Rule of Civil Procedure 26(c).  Therefore, in light of the foregoing authorities, it is hereby ORDERED that:

Plaintiff show cause in writing on or before November 3, 2010, as to why Plaintiff's undocketed Exhibit 35 to Response to Defendants' Motion for Summary Judgment should be filed under seal.  Plaintiff's submission in response to this Order should cite legal precedent and make specific arguments as to why that precedent supports her position with respect to filing Exhibit 35 under seal.

Currently, only the cover page to Exhibit 35 has been docketed.  The Clerk of the Court is DIRECTED not to docket the remainder or Exhibit 35 to Plaintiff's Response to Defendant's Motion for Summary Judgment until the Court rules on Plaintiff's Motion for Leave to Seal.

Done this the 29th day of October, 2010.

      /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE