IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHERI J. KINTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:09-cv-1033-MEF |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | (WO) |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on Defendant United Parcel Service, Inc.'s ("UPS") Motion to Strike the Declaration of Cheri Kintz-Roberts and Certain Exhibits to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment, filed October 22, 2010 (Doc. # 37), and Plaintiff Cheri Kintz's ("Kintz") Response to this Court's Order requiring Kintz to show cause why UPS's Motion to Strike should not be granted (Doc. # 41).

UPS argues that Kintz's declaration (Doc. # 34, Exhibit 1) and several exhibits should be striken from the record for the following reasons: (1) Kintz's declaration does not meet the evidentiary requirements of either Fed. R. Civ. P. 56(e) or 28 U.S.C. § 1746; (2) Kintz's declaration contains inadmissible hearsay; (3) Kintz does not have personal knowledge regarding statements made in her declaration; (4) statements in Kintz's

1

declaration are inconsistent with statements made during her deposition; and (5) thirty-three exhibits attached to Kintz's response to UPS's Motion for Summary Judgment are unauthenticated.

### A. Kintz's Unsworn Declaration:

Federal Rule of Civil Procedure 56(e) requires that an affidavit opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Title 28, U.S.C. § 1746 provides an alternative to sworn affidavits, allowing unsworn declarations to be submitted if certain statutory requirements are met. Such a declaration must be "subscribed by him, as true under penalty of perjury, and dated," and include the following phrase in "substantially the following form:"

> If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."

28 U.S.C. § 1746.

Kintz's declaration states, "I, the undersigned Cheri Kintz-Roberts, hereby swear or affirm that the following is true and correct and based on my personal knowledge." (Doc. 34, Ex. 1). Her declaration is clearly unsworn, and therefore must meet the requirements of 28 U.S.C. § 1746. The Kintz declaration does not contain language substantially similar to that required by the statute, i.e. Kintz did not swear *under penalty of perjury* that her statements were true. Striking the Plaintiff's entire

2

declaration—without granting leave to refile the declaration— on the basis of a technical defect is a harsh remedy.  For these reasons, Defendant's Motion to Strike is GRANTED as to the Kintz declaration.  However, it is ORDERED that Plaintiff be given leave to resubmit her declaration so that it may be brought into compliance with the requirements of 28 U.S.C. § 1746, if possible.

### B.  Remaining Objections to Kintz's Declaration:

UPS also objects to Kintz's declaration on the basis that it contains hearsay, is not made on personal knowledge, and contradicts Kintz's deposition testimony.  When an affidavit or declaration contains inadmissible portions, "the court may strike *or* disregard the inadmissible portions and consider the rest" of the affidavit or declaration.  *White v. Wells Fargo Guard Services*, 908 F. Supp. 1570, 1578 n5 (M.D. Ala. 1995) (emphasis added).  When considering the parties' respective summary judgment submissions, the Court will "'implicitly address any meritorious objection as needed in its consideration of this motion' by simply not considering the testimony in question."  *Granger v. Williams*, 200 F. Supp. 2d 1346, 1350 (M.D. Ala. 2002).  Until then, it is not necessary to make specific rulings on each portion of the declaration to which UPS objects.  Therefore, UPS's Motion to Strike is DENIED as MOOT to the extent that it is based on the above numerated grounds for striking the Kintz declaration.  Kintz's request for leave to supplement her response is also DENIED to the extent that she wishes to add deposition testimony, etc. to her response.

*C. Kintz's Unauthenticated Evidence:*

UPS further moves the Court to disregard thirty-three of the thirty-seven exhibits filed by Kintz in her Response to UPS's Motion for Summary Judgment on the ground that these documents have not been authenticated.  These include (in addition to the Kintz declaration, which is attached as Exhibit 1 and discussed above) Exhibit 2 and Exhibits 5-37.  A District Court may consider on Summary Judgment documents that are not currently in admissible form if those documents "could be reduced to admissible form" for trial.  *Saunders v. Emory Healthcare, Inc.* 360 F. App'x 110, 112-13 (11th Cir. 2010).  A cursory review of the documents submitted as Plaintiff's Exhibits 2 and 5-37 indicates that many of them could be authenticated with proper trial testimony.

The Court does not deem it necessary at this time to make a decision about the potential of each document to be reduced to an admissible form at trial.  Again, the Court will "implicitly address any meritorious objection as needed in its consideration of this motion" by simply disregarding any documents or exhibits that it deems to be inadmissible. *Granger*, 200 F. Supp. 2d at 1350.  For these reasons, UPS's Motion to Strike is DENIED as MOOT to the extent it requests the Court to exclude Kintz's unauthenticated evidentiary submissions.  Additionally, Kintz's request to supplement her evidentiary submissions is DENIED.

It is thereby ORDERED that:

Defendant UPS's Motion to Strike is GRANTED in part and DENIED in part, as

explained above.  It is further ORDERED that Plaintiff Kintz be granted until November 16th, 2010 to supplement her Evidentiary Submissions in Response to Defendant UPS's Motion for Summary Judgment so that the declaration of Cheri Kintz-Roberts may be brought into compliance with the requirements of 28 U.S.C. § 1746, if possible.  No further supplementation of either the Kintz declaration or the remaining Exhibits will be permitted at this time.

Done this the 9th day of November, 2010.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE